**Gabino VEGA–JIMENEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–70223.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 2, 2013.

Christina L. Powers, Pittsburgh, PA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Benjamin Mark Moss, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Gabino Vega–Jimenez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance and denying his motion to remand. Our jurisdiction is gov-

---

erned by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Vega–Jimenez's request for a continuance where he failed to show good cause. *See id.* at 1012.

To the extent Vega–Jimenez challenges the agency's determination that he did not merit voluntary departure as a matter of discretion, we lack jurisdiction to review this determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Gil v. Holder*, 651 F.3d 1000, 1006 (9th Cir.2011).

We also lack jurisdiction to review the BIA's determination that the evidence Vega–Jimenez submitted with his motion to remand would not alter the prior discretionary determination denying voluntary departure. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard." (internal quotations and brackets omitted)); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir.2005) (A motion to reopen filed while an appeal is pending before the BIA is treated as a motion to remand to the IJ for further proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.